Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| NELSON RIVERA CRUZ<br>**Apelante**<br><br>V.<br><br>ADMINISTRACIÓN DE CORRECCIÓN Y REHABILITACIÓN<br>**Apelado** | KLAN202400035 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Civil. Núm. GM2023CV00236<br><br>Sobre:<br>MANDAMUS |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 15 de febrero de 2024.

El 8 de enero de 2024, compareció ante nos, por derecho propio, mediante una Apelación la cual intituló *Moción*, el Sr. Nelson Rivera Cruz (señor Rivera o apelante), quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR o apelado). En esta, se limitó a expresar que no había recibido el tercer pago por la cantidad de mil cuatrocientos ($1,400.00) dólares correspondientes a los tres estímulos económicos que otorgó el gobierno federal como incentivos por la pandemia del Covid 19. Así pues, nos solicitó que lo ayudáramos para que pudiese recibir dicho pago y así poder beneficiarse de esta ayuda. A pesar de que el señor Rivera no indicó de que dictamen recurre, de un estudio del expediente podemos colegir que este recurre de una *Sentencia* que dictó y notificó el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI) el 7 de noviembre de 2023. En esta, el TPI desestimó la causa de acción y la archivó por académica ante la evidencia que el DCR presentó del depósito en la cuenta del apelante de los primeros dos pagos del incentivo económico.

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen recurrido.

Número Identificador

SEN2024 _____

I.

A continuación, resumimos los hechos pertinentes para la disposición del recurso, los cuales surgen del expediente ante nuestra consideración y del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

El 16 de marzo de 2023, el señor Rivera presentó un *Mandamus* ante el TPI en contra del Departamento de Hacienda (DH).[1] En este indicó que había solicitado la ayuda que estaba otorgando el gobierno federal que consistía en el pago de tres mil doscientos ($3,200.00) dólares correspondientes a tres estímulos económicos a raíz de la pandemia del Covid 19. Sostuvo que, a pesar de haber realizado las gestiones necesarias para recibir dicha ayuda, todavía no había recibido ningún pago. Por esta razón, le solicitó al TPI a que le ordenara al DH a remitirle dichos pagos.

Posteriormente, el 23 de junio de 2023, el Estado Libre Asociado (ELA) en representación del DH y el DCR presentó una *Moción en Solicitud de Desestimación.*[2] Argumentó que procedía la desestimación de la Demanda a tenor con la Regla 10.2(1) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(1) por falta de jurisdicción sobre la materia ya que el apelante debía agotar los remedios administrativos disponibles ante el DH. Afirmó que el 23 de mayo de 2023 se le remitió al apelante la cantidad de mil ochocientos ($1,800.00) dólares correspondientes al pago de los primeros dos incentivos mediante un cheque que se le entregó al DCR. En cuanto al tercer pago del incentivo económico por la suma de mil cuatrocientos ($1,400.00) dólares indicó que todos los contribuyentes que para el 31 de diciembre de 2021 no recibieron el tercer incentivo antes indicado, debían cumplimentar la planilla de contribución sobre ingresos correspondientes al año 2021 y allí reclamarlos. Alegó que el señor Rivera debía realizar dicha gestión y que esta no era parte del acuerdo colaborativo entre el DH y el DCR.

---

[1] *Véase*, Entrada 1, SUMAC.
[2] *Véase*, Entrada 17, SUMAC.

Así pues, insistió que el señor Rivera debía continuar el proceso administrativo disponible para los asuntos relacionados a la solicitud de pagos de incentivos económicos ante el DH.

Luego de varios trámites procesales, se celebró una vista mediante la cual el TPI le sugirió al apelante a que realizara las gestiones para llenar la planilla correspondiente al año 2021 con la ayuda de su técnico sociopenal o de un familiar para que así pudiese recibir el incentivo de mil cuatrocientos ($1,400.00) dólares.[3] Además, le ordenó al ELA a que en el término de diez (10) días radicara una moción anejando una Certificación de Hacienda mediante la cual se acreditara que se le pagó al apelante la cantidad de mil ochocientos ($1,800.00) dólares correspondientes al pago de los primeros dos incentivos. De igual forma, el TPI indicó que una vez se recibiera la certificación, desestimaría el caso.

En cumplimiento con esta orden y luego de que se le concediera una prórroga al ELA, el 26 de octubre de 2023, este último presentó una *Moción Informativa en Cumplimiento de Orden*.[4] Junto a esta moción anejó la certificación solicitada mediante la cual se hizo constar que el DCR recibió el cheque del DH por la cantidad de mil ochocientos ($1,800.00) dólares y que el recibo del cheque se expidió a nombre del señor Rivera. Ante el cumplimiento del ELA con presentar evidencia del pago del dinero adeudado, el 7 de noviembre de 2023, el TPI emitió y notificó una *Sentencia* mediante la cual desestimó sin perjuicio la causa de acción y ordenó el archivo de esta por académica.[5]

Inconforme, con este dictamen, el 8 de enero de 2023, el señor Rivera presentó el recurso de epígrafe y manifestó que no había recibido el tercer pago por la cantidad de mil cuatrocientos ($1,400.00) dólares correspondientes a los tres estímulos económicos. Así pues, nos solicitó que lo ayudáramos para que pudiese recibir dicho pago y así poder beneficiarse de esta ayuda.

---

[3] *Véase*, Entrada 22, SUMAC.
[4] *Véase,* Entrada 28, SUMAC.
[5] *Véase*, Entrada 29, SUMAC.

Atendido el recurso, el 25 de enero de 2024, emitimos una *Resolución* en la cual le concedimos al DCR hasta el 12 de febrero de 2024 para presentar su alegato en oposición. Oportunamente,

II.

El auto de *mandamus* es el recurso adecuado para solicitarle al tribunal que le ordene a una persona, a una corporación o a un tribunal de inferior jerarquía, que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones. Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421; Regla 54 de Procedimiento Civil, 32 LPRA, Ap. V, R. 54. El *mandamus* no confiere nueva autoridad y la parte a quien obliga deberá tener la facultad de poder cumplirlo. Íd. El carácter privilegiado que caracteriza el *mandamus* significa que su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. *Carrasquillo Román v. Departamento de Corrección*, 204 DPR 699, 713 (2020). En estos casos, la discreción implica que el tribunal no está atado a un remedio en específico, "sino que puede diseñar un remedio compatible con los intereses públicos envueltos". *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253, 269 (2010).

El recurso de *mandamus* solo puede utilizarse para exigir que se cumpla con un deber ministerial cuando no se dispone de otro remedio legal adecuado. Es decir, "no procede cuando hay un remedio ordinario dentro del curso de ley, porque el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". Íd., pág. 266-267. Si los remedios de ley no son adecuados y son incompatibles con la justicia, puede recurrirse al *mandamus. González Saldaña v. Tribunal Superior*, 92 DPR 477, 487 (1965). Sobre el deber ministerial, el Tribunal Supremo ha expresado que este "no se trata de una directriz o una disposición que permite hacer algo, sino de un mandato específico que la parte demandada no tiene opción para desobedecer". *Carrasquillo Román v. Departamento de Corrección,* supra, pág.713. El deber ministerial que exige el recurso de *mandamus* emana de un empleo,

cargo o función pública. *AMPR v. Srio. Educación, E.L.A., supra,* pág. 265.

IV.

En el caso de autos, el señor Rivera presentó un recurso de *Mandamus* ante el TPI solicitándole a que le ordenara al DH a que le remitiera el pago de los tres (3) incentivos económicos que otorgó el gobierno federal a raíz de la pandemia del Covid 19. Ante ello, el DH compareció ante el TPI e informó que ya le había remitido al apelante los primeros dos (2) pagos del estímulo económico que sumaban a la cantidad de mil ochocientos ($1,800.00) dólares. Lo anterior fue acreditado mediante una Certificación que emitió el recaudador auxiliar del DCR. En esta certificación se hizo constar que el DCR recibió el cheque por la cantidad antes descrita y que este se expidió a nombre del señor Rivera.

Ahora bien, en cuanto al tercer pago por la cantidad de mil cuatrocientos ($1,400.00) dólares, el DH indicó **que los contribuyentes que no recibieron el pago para el 31 de diciembre de 2021 debían cumplimentar la planilla de contribución sobre ingresos correspondiente al año 2021 y allí reclamarlos.** Por ende, puntualizaron que el señor Rivera debía realizar dicha gestión si quería beneficiarse de ese tercer pago. De igual forma, **en la vista de conferencia inicial que el TPI celebró, le sugirieron al apelante a que se reuniera con su técnico sociopenal o con un familiar para que llenara la planilla y se pudiese beneficiar del tercer incentivo.**

Al recibir evidencia de que se le remitieron los primeros dos (2) pagos al señor Rivera y al haberse informado que el tercer incentivo no se le podría remitir al señor Rivera hasta tanto este cumplimentara la planilla de contribución de ingresos del año 2021, el TPI desestimó la causa de acción sin perjuicio y archivó el caso por académico. *Concurrimos con dicho proceder.* El TPI no podía ordenarle al DH a cumplir con el deber ministerial de pagarle al señor Rivera el tercer pago del incentivo económico ya que del expediente ante nuestra

consideración no surge que el señor Rivera haya realizado las gestiones necesarias para poder recibir dicho pago. Así pues, no existe un remedio para concederle al apelante a través del recurso de *mandamus* y, en consecuencia, procede la desestimación de la causa de acción como muy bien resolvió el TPI.

Le exhortamos al apelante a acudir a su técnico sociopenal o a un familiar como le sugirió el TPI para que lo ayude a cumplimentar la planilla del 2021 para que el DH pueda evaluar si en efecto procede o no el pago del tercer incentivo por la cantidad de mil cuatrocientos ($1,400.00) dólares.

IV.

Por los fundamentos antes expuestos, **confirmamos** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones